Matter of the Final Judicial Settlement of the Account of the Proceedings of JEREMIAH P. ROBINSON and ISAAC R. ROBINSON, as Executors of the Last Will and Testament of JEREMIAH P. ROBINSON, Deceased.

Matter of the Final Judicial Settlement of the Account of the Proceedings of JEREMIAH P. ROBINSON and ISAAC R. ROBINSON, as Executors of the Last Will and Testament of ELIZABETH ROBINSON, Deceased.

(Surrogate's Court, Kings County, February, 1907.)

Executors and administrators — Rights and liabilities between representative and estate — Items charged or credited — Expenditures requested by next of kin or legatees.

Where all persons having vested interests sign a paper in the nature of a protection to executors for the payment of certain claims and release the executors from any responsibility therefor, they may not afterward question the propriety of such payments; and, where there is nothing to show that the claims were not just and proper, their propriety will not be questioned by the surrogate upon the settlement of the executors' accounts because, under the provisions of the will, some other persons may become entitled to a contingent remainder.

OBJECTIONS to the report of a referee.

Owen & Sturges, for accountants.

Kenneson, Crain, Emley & Rubino, for Elizabeth DeWitt Coombs, individually and as executrix.

Butler, Notman, Joline & Mynderse, for the Central Trust Co., trustee.

J. Edwards Wyckoff, for Harriet W. R. Leech, individually and as executrix.

Grant Notman, special guardian for Leech infants.

J. Noble Emley, for William H. Coombs, trustee for Elizabeth DeWitt Coombs.

Edward J. Mone, for Josephine B. Towle.

Milan Day Barnes, for William B. Leonard.

John B. Coleman, for Mabel R. Dumbell.

Perkins & Jackson, for Esther H. Underhill.

Charles H. Kelby, special guardian for John G. Underhill and Herman L. Underhill.

CHURCH, S. The referee to whom the questions involved in the settlement of this estate were referred has made very complete findings of fact and conclusions of law, although there was no legal necessity for so doing; and, as it seems to me that his judgment is correct, it will be unnecessary in confirming his report to consider it at length, but I shall comment briefly upon the three main questions argued before me on the motion to confirm.

The objection to the sums expended in connection with the Rhode Island property, that they should be charged to income and not to principal, does not seem to me to be correct. The parties all knew what was being done and approved of the course taken, although there was no specific agreement as to the fund out of which the expenses were. to come. It appears that the bookkeeper first charged them to income and then charged them to principal. Apart from the fact that the bookkeeper was the agent of all of them, the main question is: Were the items expended therefrom and are they properly chargeable to the principal of the estate? As both these questions should be answered in the affirmative, the referee's finding in this respect is correct.

The next question is as to the failure of the executors to rent certain of the Rhode Island property. The evidence shows this property to be rather unique in its nature, and whether any rental could have been obtained from it is very

Misc.]    Surrogate's Court, Kings County, February, 1907.

problematical. A further complication arises from the fact that the executors, who are sought to be surcharged with the rental value of such property, were also tenants in common therein. The principal that a tenant in common cannot be compelled to pay rent, unless special circumstances require it, here applies, and the referee correctly disposed of the matter.

The remaining question relates to the sums paid to Jeremiah P. Robinson. In this connection it is to be noted that every person who has a vested interest signed a paper in the nature of a protection to the executors for the payment of this money and also released the executors from any responsibility for so doing. And these are the very persons who now attempt to question the same, and some little space has been devoted in their brief to the theory that, as the statute prohibits the assignment by a life tenant of any portion of his estate, therefore, this release is void. It does not seem to me that this theory is applicable to the situation in the case at bar. A person making a release of this character is to be deemed estopped from questioning in any way the transactions which it covers. Any other view of this subject would work a gross injustice. An executor in perfect good faith may, in deference to the wishes of every one interested, pay a claim, only to find that he has been made the victim of a piece of low trickery. No attempt has been made to assail this release in any court of equity and to have it set aside on the ground of fraud or mistake, and assuredly this court has no jurisdiction to make a decision which will be as effectual as the decree of a court of equity declaring it void.

Although every person who, from present examination of the case, is entitled to share in this estate has released, it is possible that, under the provisions of the will, some other person may become entitled to a contingent remainder; and, therefore, irrespective of whether the objectors have the right to object, the questions which they have raised should be considered by the court in determining whether the rights of any person, at present unknown, have been invaded by the payment of the claims in question. So far

as the record discloses, there is nothing to show that these claims are other than just and proper. The objectors seem to rely chiefly on the fact of the previous adjudication in the matter. As there is nothing to show the impropriety of the claims, and as every one interested in the estate has agreed to their payment, it is but fair to assume that they are perfectly proper and were rightfully paid. The report of the referee as made is confirmed.

Report of referee confirmed.